

FILED
May 08 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ JulieOlsen    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DRAKE PETTERSEN,<br><br>　　　　　　　Defendant. | Case Nos. 20-cr-2292-BAS-1<br>　　　　　　23-cv-0590-BAS<br><br>**ORDER:**<br><br>**(1) RECHARACTERIZING MOTION TO VACATE AS A PETITION UNDER 28 U.S.C. § 2241; AND**<br><br>**(2) TRANSFERRING CIVIL ACTION** |

In May 2022, this Court sentenced Defendant Drake Pettersen to sixty months in custody. (ECF No. 79.)[1] Pettersen is incarcerated at USP Victorville in San Bernardino County, which means the U.S. District Court for the Central District of California, Eastern Division, is the custodial court for Pettersen. *See* 28 U.S.C. § 84(c)(1).

In early 2023, Pettersen sent a short letter asking for "an Eighth Amendment violation hearing," stating that he has received inadequate medical care and has been placed in an isolated housing unit. (ECF No. 80.) The Court sent Pettersen the

---

[1] The electronic record references are to the criminal case, 20-cr-2292-BAS-1. Some filings spell Defendant's name as Petterson; others use Pettersen. Because Defendant uses the second styling, the Court does so here, too.

1  Southern District's Prisoner Pro Se Packet, advising him that he would need to pursue
2  this issue in a separate action. (*Id.*)

3  Pettersen later filed a Motion to Vacate, Set Aside, or Correct Sentence under
4  28 U.S.C. § 2255 in his criminal case. (ECF No. 85.) The Clerk of Court opened a
5  civil companion case—*Pettersen v. United States*, 23-cv-00590-BAS (S.D. Cal. filed
6  Mar. 30, 2023). Pettersen's Motion asks for relief based on two claims of "cruel and
7  unusual punishment – Eighth Amendment violation." (*Id.* at 3–4.) Pettersen supports
8  these claims with allegations that he has received inadequate medical care and has
9  suffered seizures and head injuries. (*Id.*)

10  Generally, a federal prisoner contesting legality of his sentence must do so by
11 filing a motion pursuant to 28 U.S.C. § 2255, which is brought in the sentencing
12 court. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Harrison v. Ollison*,
13 519 F.3d 952, 955 (9th Cir. 2008).[2] In contrast, challenges to the manner, location,
14 or conditions of a sentence's execution must be brought as a petition for writ of
15 habeas corpus under 28 U.S.C. § 2241 in the custodial court. *Muth v. Fondren*, 676
16 F.3d 815, 818 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.
17 2000). Alternatively, as the Court mentioned in a prior order, claims for violation of
18 the Eighth Amendment may be brought in a civil suit. *See Carlson v. Green*, 446
19 U.S. 14 (1980) (recognizing a claim under *Bivens v. Six Unknown Fed. Narcotics*
20 *Agents*, 403 U.S. 388 (1971), for failing to provide adequate medical treatment on
21 Eighth Amendment grounds).

22  Upon review, the Court reaffirms that it cannot consider Pettersen's claims for
23 violation of the Eighth Amendment based on inadequate medical care. These claims
24 relate to the manner and conditions of Pettersen's confinement—namely, USP
25 Victorville's medical care and resources. Therefore, these claims do not fall under

---

[2] The narrow exception to this rule is the "savings clause" or "escape hatch" of § 2255, which allows a federal prisoner to seek relief through a § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). That exception is inapplicable here. *See Harrison*, 519 F.3d at 959 (explaining the criteria for the escape hatch).

§ 2255. Instead, the Court finds it appropriate to recharacterize Pettersen's motion as a petition under § 2241. *See Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991).

This Court, however, does not have jurisdiction over a petition brought under § 2241 because this Court is not the "custodial court." *See Hernandez*, 204 F.3d at 864. As mentioned, the Central District of California is the custodial court because Pettersen is in custody in that district.

When it serves the interest of justice, a court should transfer a § 2241 petition to the appropriate district rather than dismiss the case. *See Chavez v. United States*, No. C11-1886-RSL-JPD, 2011 WL 7092664, at *1 (W.D. Wash. Dec. 23, 2011) (citing cases); *see also* 28 U.S.C. § 1631; *Hernandez*, 204 F.3d at 865 n.6. The Court finds a transfer is appropriate here.

Accordingly, the Court recharacterizes Pettersen's Motion to Vacate as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Clerk of Court shall **TERMINATE** the Motion pending in Pettersen's criminal case. Further, the Clerk of Court shall revise the docket in the civil case to identify 28 U.S.C. § 2241 as the basis for the suit. Finally, the Clerk of Court shall **TRANSFER** the civil action to the U.S. District Court for the Central District of California—Eastern Division.

**IT IS SO ORDERED.**

**DATED: May 8, 2023**

Hon. Cynthia Bashant
United States District Judge